John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Fax: 310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

*Attorneys for Plaintiff Gabrielle Gangitano*

# THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLE GANGITANO, an individual,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CABRILLO COLLEGE, a local educational agency; and ALEX B. TAURKE, an individual,<br><br>　　Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF:**<br><br>1. **Violation of Title IX, 20 U.S.C. § 1681;**<br>2. **Violation of 42 U.S.C. § 1983;**<br>3. **Sexual Battery;**<br>4. **Sexual Assault.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. **COMES NOW** plaintiff GABRIELLE GANGITANO ("Plaintiff" or "Gangitano") and alleges causes of action against defendants CABRILLO COLLEGE ("Cabrillo") and ALEX B. TAURKE ("Professor Taurke" or "Taurke") (collectively referred to as "Defendants").

2. During the 2016 Spring Academic Semester, Plaintiff was a student teaching assistant at Cabrillo under the guidance of Defendant Professor Taurke, her college math professor, mentor, and a man nearly twice her age. Defendant continuously sexually harassed Plaintiff; and, in May of 2016, he committed sexual assault and sexual battery upon Plaintiff, to the detriment of her physical and emotional well-being, significantly impacting her right to an education free from such conduct.

3. Such conduct violates Federal and State laws, including Cabrillo's own policy in effect at the time under AR 5040, a policy which states in relevant part on pp. 1-2, section I.A that:

- Cabrillo "**is to provide an educational and employment environment in which no person shall be unlawfully denied full and equal access to, the benefits of, or be unlawfully subjected to discrimination or harassment, in whole or in part, on the basis of …sex or gender**…in any program or activity that is administered by, funded directly by, or that receives any financial assistance from the State Chancellor or Board of Governors of the California Community Colleges." [Emphasis added.]

- Cabrillo **"is to provide an education and employment environment free from unwelcome sexual advances, requests for sexual favors, sexual favoritism, or other verbal or physical conduct or communications constituting sexual harassment**. [Emphasis added.]

///

- "Employees, students, or other persons acting on behalf of the District who engage in unlawful discrimination, harassment, or retaliation as defined by this policy, or by state or federal law, may be subject to discipline, up to and including, but not limited to, discharge, expulsion, or termination of contract."
- "In so providing… Cabrillo …hereby implements the provisions of … title IX of the Education Amendments of 1972 (20 U.S.C. § 1681)."

4. Cabrillo failed to protect Plaintiff from the unwanted, inappropriate, injurious, and continuous conduct of Professor Taurke, other students, and employees of Cabrillo, by failing to provide sufficient sexual harassment faculty and staff training (Professor Taurke had only one sexual harassment training in his 20 years at Cabrillo), management, and supervision of its faculty and staff, such as Professor Taurke, to deter and/or prevent such unlawful conduct by him, or any other. Cabrillo possessed actual knowledge of Taurke's unfitness, putting the college on actual notice of the substantial risk of abuse to students.

5. Cabrillo also failed to provide Plaintiff, and other students and employees of Cabrillo with sufficient, easily understandable and accessible information on how to present complaints of such unlawful conduct in a prompt manner to address such issues, or even the easy identification of an appropriate Title IX Coordinator at Cabrillo. Cabrillo's inadequate notice and dissemination of this information to its students and employees made it almost impossible, without the strenuous efforts and diligence of Plaintiff, to figure out how Cabrillo would address such claims. Cabrillo's response to Plaintiff's complaint succinctly evinces its deliberate indifference. This is not surprising since Cabrillo failed to ever implement mandatory, institutional guidance to comply with its obligations under Title IX.

6. These acts or omissions by Cabrillo are all in direct violation of Cabrillo's own policies, Title IX, Plaintiff's civil rights and other relevant State

and Federal Laws. Plaintiff filed the instant suit to obtain redress for the injuries caused by Defendants' conduct and to obtain injunctive relief to help prevent such conduct from continuing. Plaintiff, for her Complaint, alleges the following upon her personal knowledge, based on her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

7. This action is brought under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) and 42 U.S.C. § 1983. Plaintiff also presents state law claims for sexual assault and battery against Defendant Taurke.

8. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights). Plaintiff's state law claim for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of Santa Cruz, California, which is located in the Northern District of California. Plaintiff is also, and at all relevant times was, a citizen and resident of Santa Cruz County, located in the Northern District of California.

10. Since the acts or omissions which give rise to Plaintiff's claims occurred in the County of Santa Cruz, Pursuant to Local Rule 3.2(c), this action must be assigned to the San Jose division of the Northern District Court.

**PARTIES**

11. Plaintiff GABRIELLE GANGITANO ("Plaintiff"), an individual, is a citizen of the State of California who resides in the County of Santa Cruz, California. At all relevant herein, Plaintiff was a student at Cabrillo.

12. Defendant CABRILLO COLLEGE ("Cabrillo") is a local higher education agency, and member to the California Community Colleges System,

1  established under the laws of the State of California, located in the County of
2  Santa Cruz.
3        13.    Defendant ALEX B. TAURKE ("Professor Taurke"), an individual,
4  is a citizen of the State of California, who resides in the County of Monterey,
5  California. At all relevant times, he was employed by Cabrillo, acting in his
6  course and scope of employment, and Cabrillo ratified his actions.
7        14.    Whenever in this Complaint it is alleged that Defendants committed
8  any act or omission, it is meant that the Defendants' officers, directors, vice-
9  principals, agents, servants, or employees committed such act or omission and
10 that at the time such act or omission was committed, it was done with the full
11 authorization, ratification or approval of Defendants, or was done in the routine
12 normal course and scope of employment of the Defendants' officers, directors,
13 vice-principals, agents, servants, or employees.

## STATEMENT OF FACTS

15. The unlawful conduct of Professor Taurke occurred while Plaintiff was enrolled in Cabrillo as an undergraduate majoring in Math. In the Spring Academic Quarter of 2016, Plaintiff was enrolled in the math course "Calculus" as taught by Professor Taurke.  In addition, Plaintiff also worked as a tutor in the Math Learning Center under the guidance of Professor Taurke, who eventually asked Plaintiff to instead become his "Supplemental Instructor" (similar to teacher's aide).

16. Throughout the course of the semester, Professor Taurke began to make suggestive comments, eventually followed by incidents of offensive conduct. The incidents were sexual in nature and sometimes were accompanied by inappropriate physical touching.  This conduct had the effect of creating an intimidating, hostile, and offensive educational environment that caused Plaintiff mental anguish, as would be expected for any teen or young adult.

///

17. Through the course of the semester, Professor Taurke began to make sexually suggestive acts including but not limited to: offering Plaintiff food from his lunch; closing the blinds in his office prior to Plaintiff's arranged meetings with him; hugging Plaintiff; suggesting that Plaintiff remove layers of clothing, like scarf or jacket, due to the warm temperature in his office; forcing Plaintiff feel his scars; and recommending that Plaintiff not transfer to another University despite a scholarship. This inappropriate behavior began to increase in regularity and frequency toward the end of the semester in April and piqued in May during the following specified instances.

18. On or about May 7, 2016, Professor Taurke emailed Plaintiff "But you continue to amaze me how mature you are. I don't think I've ever know an 18-year-old who's as put together as you. I was pretty lost when I was 18. Are you sure you're not fooling me? Are you actually 30? (I mean you look the role of a beautiful, young woman, but you sure don't act it!)."

19. On or about May 17, 2016, Professor Taurke emailed Plaintiff "I'll be in my office on Tuesday from 11 to 1:00 or maybe 2:00 and Wednesday after 1:00, if you want to talk. I know we don't have calculus anymore, sniff, sniff, but if you want to discuss/ Physics, /SI leadership, /your future theater career,/ or your special extra credit project  ;-) / Whatever. I'll be around. I always enjoy seeing you!"

20. On or about Wednesday, May 18, 2016, Professor Taurke told Plaintiff "you have that superpower where you are enchantingly beautiful and incredibly smart and funny and beautiful inside and out and you have a superpower of casting a spell on people and you've cast a spell on me." Taurke hugged her, as well as, touch and stroke her legs.

21. On or about Friday, May 20, 2016, Plaintiff meet with Defendant Taurke at his office in regards to the meeting. Prior to that meeting, Professor Taurke closed the blinds to ensure privacy in his office space. In that meeting

Taurke discretely moved his chair closer to Plaintiff so he could put his knees around hers so their knees and thighs would touch. In addition, he caressed and stroked the side of Plaintiff's face and head.

22. Many of Plaintiff's colleagues and friends witnessed the interactions between Plaintiff and Professor Taurke. Not only did her friends believe these engagements inappropriate, but Plaintiff's colleagues' and friends' knowledge and observation of these interactions only served to further humiliate and embarrass her.

23. Plaintiff wanted to file a grievance with Cabrillo, to report Professor Taurke's conduct, but was unable to figure out the proper procedure.

24. The Notice of Nondiscrimination, while in the College's Student Rights and Responsibilities ("Handbook"), was not readily accessible to students such as Plaintiff. These documents, on the Cabrillo's website cannot be accessed through any sort of drop down menu, but could only be found if the searcher typed the exact words "sexual harassment" in the small search box in the upper right-hand corner of the webpage. Even if the policy is found, it is vague as it does not contain specific information about where to file a complaint, or who to contact. Additionally, Cabrillo's only identification the Title IX coordinator is a redirect to the Human Resources Director, but still failed to provide contact information such as a name, location, or number.

25. Between the dates of May 22, 2016, and May 24, 2016, Plaintiff attempted to contact the Title IX coordinator at Cabrillo based on the vague information she was able to procure. On calling Cabrillo to obtain more specific information, Plaintiff's complaint was deferred to many offices, until she was finally directed to a male athletic coach. Plaintiff, still disturbed by what happened to her, felt uncomfortable talking to him about her complaint. Cabrillo's policies lacked entirely any information on how to make an

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF**
-7-

anonymous complaint or how to make a criminal complaint. Based on this, Plaintiff simply felt could not make a complaint with Cabrillo at all.

26. In addition, Plaintiff felt mentally defeated by her failed attempts to follow proper procedure and file her complaint first with Cabrillo, and unsure of any timeframe constraint requirements, on or about May 25, 2016, Plaintiff, in a written statement, complained to the United States Department of Education Office for Civil Rights ("OCR") to make an official grievance against Cabrillo. Plaintiff's complaint included both the inappropriate and unlawful conduct against her by Professor Taurke and Cabrillo's lack of notice, policy, and procedure requirements for compliance with Title IX. Plaintiff had to explain to the Office of Civil Rights that she chose to file at OCR first only because she could not figure out how to file the complaint with Cabrillo.

27. In response to that complaint, the OCR commenced an investigation by interviewing Cabrillo College Officials. OCR determined that Cabrillo did not, and never, actually had a permanent and designated Title IX coordinator. In an instance of complaint, the Dean of Students and Human Resources Director worked together to determine whether the issue could be resolved in-house, or if an outside investigator, a person more properly trained in the handling of Title IX complaints, would be necessary. In addition, OCR interviewed Professor Taurke who admitted both to making the statements and realizing that the statements were sexually harassing.

28. On or about December 21, 2016, Cabrillo admitted to inadequacies in its notification, reporting, monitoring, and training requirements and policy obligations as required under Title IX.

29. Prior to the start of the Fall 2016 Academic semester Plaintiff quit her job with Professor Taurke as a Supplemental Instructor because the potential of seeing or interacting with Professor Taurke made her feel anxious, nervous, and uneasy based on his prior conduct with her, and this severely impacted her

life and her ability to concentrate on her school work and educational career. She fears a possible interaction with Professor Taurke so much that she mapped out her travel and schedule on campus to avoid him.

30.     These acts have caused Plaintiff severe emotional distress and other damages, and clearly constitute discrimination against her on the basis of her sex.

31.     Plaintiff continues to experience and suffer from apprehension, anxiety, and mental or emotional anguish; for example, no longer likes when people touch her, even in friendly hug, and also is less comfortable with new people. In addition, she is fearful of seeing or interacting with Professor Taurke, upon on her return to the Cabrillo campus.

32.     The Department of Education requires prompt and equitable resolution of Title IX complaints. Three hundred fifty-eight (358) days have since elapsed from the Plaintiff's initial filing of her complaint. While Cabrillo College supposedly initiated a conduct process with Professor Taurke as a result of the OCR investigative decision, Plaintiff is informed and believes that Professor Taurke has been allowed to remain on campus as an employee and no further actions have been taken by Cabrillo to either address his conduct against her, or to protect others like herself on the Cabrillo campus from any further actions by Professor Taurke and others. The lack of appropriate and prompt grievance procedures implemented by Cabrillo impacts everyone across the board on the campus.

33.     Cabrillo is required to keep students, such as Plaintiff, notified as to the status of her complaint. At the present, Plaintiff believes the college has failed to adequately address and resolve her complaint as Cabrillo has barely, if at all, implemented any disciplinary actions towards Professor Taurke for his improper conduct against her. As Plaintiff's complaint remains unresolved, Cabrillo continues to subject Plaintiff to a sexually uncomfortable/hostile environment that further hinders her ability to fully participate in her educational

and personal life. As such, Plaintiff has to regularly face the possibility of seeing Professor Taurke walk around campus, and others face the potential of further improper and illegal conduct by Professor Taurke and others, with no sufficient way to address such conduct.

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE IX, 20 U.S. C. § 1681

### (Against Defendant Cabrillo College)

34. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

35. Cabrillo operates an education program or activity receiving federal financial assistance. Under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681, the school may not exclude any person, on the basis of sex, from the participation in any education program or activity receiving federal financial assistance, or deny benefits on the basis of sex or subject that person to sex based discrimination.

36. Professor Taurke's conduct constituted "unwelcome sexual advances…and other verbal visual or physical conduct of a sexual nature" which interfer[ed] with [Plaintiff's] education…creating an intimidating, hostile or offensive educational environment"

37. The harassment perpetrated by Professor Taurke was so severe, pervasive and persistent and so objectively offensive that it effectively barred Plaintiff access to educational opportunities or benefits, or limited her ability to participate in, or benefit from, the education program, and/or created a hostile or abusive educational environment.

38. Cabrillo failed to protect Plaintiff from the unwanted, inappropriate, injurious and continuing conduct of Professor Taurke, and other students and employees of Cabrillo, by failing to provide sufficient sexual

1  harassment training (he had only **one training** in his 20 years at Cabrillo),
2  management and supervision of Professor Taurke to deter and/or prevented such
3  unlawful conduct

4  39. Cabrillo also failed to provide Plaintiff, and other students and
5  employees of Cabrillo with sufficient, easily understandable and accessible
6  information on how to present complaints of such unlawful conduct, or
7  identification of an appropriate Title IX Coordinator at Cabrillo. Cabrillo's
8  inadequate dissemination of this information made it almost impossible, without
9  the hard work and diligence of Plaintiff, to figure out how Cabrillo would
10 address such claims. Under federal Department of Education regulations, a
11 school "shall adopt a public grievance procedure providing for the *prompt* and
12 equitable resolution of student and employee complaints about sexual
13 harassment. 34 CFR § 106.8(b) [emphasis added]

14 40. These acts or omissions by Cabrillo are all in violation of Cabrillo's
15 own policies, Title IX and Plaintiff's civil rights, in addition to other State and
16 Federal laws. Plaintiff filed the instant suit to obtain redress for the injuries
17 caused by Defendant's conduct and to seek injunctive relief.

18 41. As a direct and proximate result of this conduct, Plaintiff has
19 suffered damages for which she is entitled to compensatory damages and
20 injunctive relief, and because she has been compelled to employ attorneys, is
21 entitled to attorneys' fees pursuant to 42 U.S.C. §1988(b).

## SECOND CAUSE OF ACTION

**DEPRIVATION OF FEDERAL RIGHTS, 42 U.S. C. § 1983**

**(Against Defendant Cabrillo College)**

25 42. Plaintiff hereby incorporates by reference and re-alleges each and
26 every allegation set forth in each and every preceding paragraph of this
27 Complaint, as though fully set forth herein.
28 ///

43. By engaging in the above described misconduct and by acting pursuant to its custom, practice and policy, Cabrillo, acting under the color of state law, violated Plaintiff's federally protected civil rights under 42 U.S.C. § 1983, including Plaintiff's right to be free from discrimination on the basis of sex.

44. In doing all of the acts complained of herein, Cabrillo acted intentionally, recklessly and/or with the deliberate indifference to Plaintiff's well-being, all under the color of law to deprive Plaintiff of her constitutionally protected rights to be free from sex based discrimination.

45. As a direct result of the aforementioned acts, Plaintiff has suffered and continues to suffer from humiliation, anxiety, indignity, and mental and emotional anguish.

46. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action.

### THIRD CAUSE OF ACTION

#### SEXUAL ASSAULT

#### (Against Defendant Alex B. Taurke)

47. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

48. As described above, Professor Taurke's conduct intended to cause, and did cause, Plaintiff to be placed in apprehension of harmful and offensive contact with her body.

49. As a direct and proximate result of the aforementioned acts, Plaintiff was in fact placed in great apprehension of harmful and offensive conduct with her body.

50. As a direct and proximate result of the aforementioned acts, Plaintiff was caused to and did suffer great and extreme emotional distress including

shock, anxiety, worry, mortification, humiliation, and indignity.  Said emotional distress continues from day to day and is of such a substantial and enduring quality that no reasonable person in a civilized society should be expected to endure such distress.

51. Professor Taurke carried out the aforementioned acts knowing that emotional distress was substantially certain to be caused to Plaintiff; yet he continued to engage in said despicable acts maliciously and with a conscious disregard of the rights and safety of Plaintiff.

52. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### SEXUAL BATTERY

### (Against Defendant Alex B. Taurke)

53. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

54. As described above, Professor Taurke inappropriately touched caressed her knees and thigh while she was merely sitting in his office during an office hour visit.

55. At no time did Plaintiff consent to these unwanted acts and touching.

56. As a direct and proximate result of the aforementioned acts, Plaintiff was caused to and did suffer great and extreme emotional distress including shock, anxiety, worry, mortification, humiliation, and indignity.  Said emotional distress continues from day to day and is of such a substantial and enduring quality that no reasonable person in a civilized society should be expected to endure such distress.

///

57. Professor Taurke carried out the aforementioned acts knowing that great bodily injury and emotional distress were substantially certain to be caused to Plaintiff; yet he continued to engage in said despicable acts maliciously and with a conscious disregard of the rights and safety of Plaintiff.

58. Plaintiff is, therefore, entitled to damages in an amount to be proven at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive and exemplary damages against Defendant Alex B. Taurke;
4. For declaratory and injunctive relief ordering Defendant Cabrillo to enact policies and procedures in training in conforming with all State and Federal laws prohibiting sexual harassment and discrimination in public schools and which provide for prompt, equitable and effective resolution of complaints about sexual harassment, in addition to providing such conduct to its employees;
5. Costs of suit incurred, reasonable attorneys' fees incurred; and
6. Such other relief as the Court deems necessary and proper.

Dated: May 18, 2017                     Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
Christina M. Le (SBN 237697)
*christina@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues that may be decided by jury.

Dated: May 18, 2017         Respectfully submitted,

By: */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (SBN 211675)
*david@kristensenlaw.com*
Christina M. Le (SBN 237697)
*christina@kristensenlaw.com*
**KRISTENSEN WEISBERG, LLP**