Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Nicole L. Phillips, State Bar No. 306686
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:    eelliot@bfesf.com

Attorneys for Defendant
CABRILLO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE GANGITANO,<br><br>　　　Plaintiff,<br><br>v.<br><br>CABRILLO COLLEGE, and ALEX B. TAURKE,<br><br>　　　Defendants. | Case No. 5:17-cv-02870-LHK<br><br>**DEFENDANT CABRILLO COMMUNITY COLLEGE DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF GABRIELLE GANGITANO'S COMPLAINT [FRCP RULE 12(b)(6)]**<br><br>Date:　September 21, 2017<br>Time:　1:30 p.m.<br>Dept.:　Courtroom 8 - 4th Floor<br><br>**Hon. Lucy H. Koh** |

### NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on September 21, 2017, in Courtroom 8 - 4th Floor, located at 280 South 1st Street, San Jose, California, defendant CABRILLO COMMUNITY COLLEGE DISTRICT ("the DISTRICT") hereby moves this Court for a dismissal of the claims specified below pursuant to FRCP Rule 12(b)(6), and this Memorandum of Points and Authorities, because the complaint fails to allege facts sufficient to state claims against the DISTRICT upon which relief can be granted.  This motion is also based on the pleadings on file herein, and on such oral and documentary evidence as may be adduced at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff GABRIELLE GANGITANO brings this action against defendants DISTRICT and ALEX TAURKE ("TAURKE"), a math professor at Cabrillo Community College, for violations of Title IX and 42 U.S.C. § 1983 arising out of alleged sexual harassment by TAURKE.  Plaintiff's complaint fails to allege facts sufficient to state each of the claims asserted, relying on "naked assertions" devoid of "further factual enhancement."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).)  dismissal is warranted because:

   1)   The First Cause of Action is unsupported by facts to state a claim for violation of Title IX by the DISTRICT; and,

   2)   The DISTRICT has Eleventh Amendment immunity against a §1983 claim.

## II.   FACTS ALLEGED BY PLAINTIFF

During the time described in her complaint, Plaintiff was an undergraduate at Cabrillo Community College majoring in Math. TAURKE was her professor.  She was also a teaching assistant for TAURKE.  (Complaint ¶ 15.)

TAURKE "began to make sexually suggestive acts" such as "offering Plaintiff food from his lunch; closing the blinds in his office prior to Plaintiff's arranged meetings with him; hugging Plaintiff; suggesting that Plaintiff remove layers of clothing, like scarf [sic] or jacket, due to the warm temperature in his office; forcing Plaintiff feel [sic] his scars; and recommending that Plaintiff not transfer to another University despite a scholarship."  (*Id*. ¶ 17.)  He also sent her emails inviting her to his office to meet outside of her role as his teaching assistant and telling her she was beautiful.  (*Id*. ¶¶ 19-20.)

On May 18, 2016, TAURKE told Plaintiff, "You have that superpower where you are enchantingly beautiful and incredibly smart and funny and beautiful inside and out and you have a superpower of casting a spell on people and you've cast a spell on me."  He hugged her and touched and stroked her legs.  (*Id*. ¶ 20.)

On May 20, 2016, Plaintiff met with TAURKE in his office.  TAURKE had closed the blinds in his office.  During their meeting, TAURKE moved his chair closer to Plaintiff "so he could put his knees around hers to their knees and thighs would touch.  In addition, he caressed and stroked the side of

1 Plaintiff's face and head." (*Id*. ¶ 21.)

2 Between May 22, 2016 and May 24, 2016, Plaintiff attempted to contact the Title IX coordinator
3 at CABRILLO. She was "deferred to many offices, until she was finally directed to male athletic coach."
4 She did not feel comfortable speaking to him and felt she could not make a complaint. (*Id*. ¶ 25.)

### III. ARGUMENT

**A.   The Complaint is Subject to Dismissal Under FRCP Rule 12(b)(6)**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) The Court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated in part by Twombly,* 550 U.S. at 560; *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).) The Court need not accept as true, conclusory allegations, unreasonable inferences, legal characterizations or unwarranted deductions of fact or legal conclusions couched as facts. (*Iqbal,* 556 U.S. at 678; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994); *Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation…A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'…Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" (*Iqbal*, *supra* at 678; *Twombly*, *supra* at 555.) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' … A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully. … Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (*Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Servs.*, 572 F.3d 962, 969 (9th Cir. 2009).) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. … Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … [O]nly a

complaint that states a plausible claim for relief survives a motion to dismiss ... where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint … has not 'shown' – 'that the pleader is entitled to relief.'" (*Iqbal*, 556 U.S. at 678-679.)  As our Ninth Circuit recognizes:

> [T]o be entitled to the presumption of truth, allegations in a complaint … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts … the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

(*AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).)  "*Twombly* and *Iqbal* … distilled to their essence, impose two requirements. First, the reviewing court … is not required to credit legal conclusions…Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief." (*Maya v. Centex Corp.*, 658 F.3d 1060, 1067-1068 (9th Cir. 2011).)  "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." (*Chavez v. U.S.*, 683 F.3d 1102, 1109 (9th Cir. 2012).)

B.     **The First Cause of Action for Violation of Title IX Fails to State a Claim**

Plaintiff attempts to allege two theories under Title IX against the DISTRICT.  Both theories fail to state a claim and are subject to dismissal because: (1) no facts are established to establish that the DISTRICT had actual knowledge of alleged sexual harassment, and (2) there is no right of action for alleged deficiencies in administrative requirements.

1.     **The Complaint Fails to Allege Facts to Show that the DISTRICT had Actual Notice of Sexual Harassment**

A school district is not liable under Title IX for a teacher's sexual harassment of a student absent actual notice and deliberate indifference. (*Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 292 (1998).)

In *Gebser*, the Court held that when a teacher has allegedly sexually harassed a student, "unless an official of the school district who at a minimum has authority to institute corrective measures on the District's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct" recovery against the District is barred. (*Id.* at 277.)  The Supreme Court has further held that a school

4

district's liability for teacher-on-student sexual harassment is not based on *respondeat superior* or vicarious liability, but rather is based on the District's own intentional conduct in remaining idle after receiving actual notice of sexual harassment. (*Id*. at 285; *Davis Next Friend LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629, 641-42 (1999).)

To establish a *prima facie* case, a plaintiff must also prove they were subject to either quid pro quo sexual harassment or a sexually hostile educational environment. (*Kleencic v. Ohia State Univ*., 263 F.3d 504, 510 (6th Cir. 2001); *Morse v. Regents of Univ. of Colorado*, 154 F.3d 1124, 1127 (10th Cir. 1998).)

The facts, as pled, show that the DISTRICT did not have notice of the alleged sexual harassment. Plaintiff asserts that the DISTRICT had "actual knowledge of TAURKE's unfitness" but does not allege facts to support that contention. Rather, as pled, the complaint establishes that because Plaintiff did not report the alleged sexual harassment to anyone at the DISTRICT (let alone "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf") the DISTRICT did not have actual notice of the alleged sexual harassment.

### 2. There is No Private Right of Action Under Title IX for Violation of Administrative Requirements

There is no private right of action under Title IX for violations of administrative requirements, including Department of Education ("DOE") regulations. (*Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 292 (1998).) Further, failure to adhere to DOE regulations "does not constitute deliberate indifference." (*Moore v. Regents of the University of California*, 2016 WL 4917103 at 3.)

In *Gebser*, as is the case here, the petitioners focused primarily on the school district's "asserted failure to promulgate and publicize an effective policy and grievance procedure for sexual harassment claims." The Court held that the District's "alleged failure to comply with the regulations ... does not establish the requisite actual notice and deliberate indifference. And in any event, the failure to promulgate a grievance procedure does not itself constitute 'discrimination' under Title IX."

In 2016, this court granted a Motion to Dismiss in a similar case for the same reason. The plaintiff in *Moore v. Regents of the University of California* alleged in her Complaint that Defendants violated the standards set forth by a "Dear Colleague Letter" promulgated by the "DOE" and therefore

DISTRICT'S NOTICE AND MOTION TO DISMISS PLAINTIFF GABRIELLE GANGITANO'S COMPLAINT
USDC Case No.: :17-cv-02870-LHK

"acted with deliberate indifference in deviating significantly from the standard of care outlined by the 'DOE.'" (*Moore v. Regents of the University of California*, 2016 WL 4917103 at 3.)  The Court reiterated the holding from *Gebser* that there is no private right of action under Title IX for violations of DOE administrative requirements.  (*Id*.)

Plaintiff alleges that the DISTRICT "failed to provide Plaintiff, and other students and employees of [the DISTRICT] with sufficient, easily understandable and accessible information on how to present complaints of such unlawful conduct, or identification of an appropriate Title IX Coordinator."  She contends that this allegation supports her Title IX Cause of Action.  However, under *Gebser*, this does not state a claim under Title IX.

C. **The DISTRICT has Eleventh Amendment Immunity Against a §1983 Claim**

The DISTRICT, as a state agency, is entitled to Eleventh Amendment immunity.  "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." (*Mitchell v. Los Angeles Cty. Cmty. Coll. Dist*., 861 F.2d 198, 201 (9th Cir. 1988).  Claims for damages against a state or a state official acting in his or her official capacity are barred under § 1983.  (*Quern v. Jordan,* 440 U.S. 332, 342 (1979).)

Community College Districts are arms of the State for purposes of the Eleventh Amendment and, thus, immune from suit under § 1983.  *See Quern v. Jordan,* 440 U.S. at 342; *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *Mitchell v. Los Angeles Community College Dist.,* 861 F.2d 198, 201 (9th Cir. 1988).  No amendment can cure the defects of the civil rights pleadings since the DISTRICT is immune from suit.  The second Cause of Action alleges only a § 1983 claim, so dismissal of that claim in its entirety is appropriate as to the DISTRICT.

The Ninth Circuit's ruling in *Cerrato v. San Francisco Community College District*, 26 F.3d 968 (9th Cir. 1994), states:

> As a threshold matter, the defendants argue that the Eleventh Amendment bars this court from hearing Cerrato's section 1983 claims. They argue that such a result is compelled by *Mitchel*l . . . in which we held that [a] California community college school district was a state entity that possessed Eleventh Amendment immunity from section 1983 claims. We agree with the defendants that the Eleventh Amendment bars us from hearing Cerrato's claims against the SFCC district. In general, the Eleventh Amendment bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state. We have held that community college districts are dependent instrumentalities of the state of California. Accordingly, we lack jurisdiction to hear Cerrato's claims against the district. *Id.* at 972 (citations omitted).

Dismissal without prejudice would be futile because this claim similarly may not be asserted in state court against the DISTRICT. The State is not a "person" within the meaning of 42 U.S.C. § 1983. (*Partington v. Gedan, Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992); *Inyo County v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 708 (U.S. 2003).)

## IV.   CONCLUSION

The DISTRICT respectfully submits that this motion should be granted accordingly.

Dated: June 29, 2017                                           BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:    */s/ Nicole Phillips*
      Eugene B. Elliot
      Ethan M. Lowry
      Nicole L. Phillips
      Attorneys for Defendant
      CABRILLO COMMUNITY COLLEGE DISTRICT