Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Nicole L. Phillips, State Bar No. 306686
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       eelliot@bfesf.com

Attorneys for Defendant
CABRILLO COMMUNITY COLLEGE DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE GANGITANO,<br><br>       Plaintiff,<br><br>v.<br><br>CABRILLO COLLEGE, and ALEX B. TAURKE,<br><br>       Defendants. | Case No. 5:17-cv-02870-LHK<br><br>**DEFENDANT CABRILLO COMMUNITY COLLEGE DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP RULE 12(b)(6)]**<br><br>Date:   September 21, 2017<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 8 - 4th Floor<br><br>**Hon. Lucy H. Koh** |

1 Defendant CABRILLO COMMUNITY COLLEGE DISTRICT (the "DISTRICT") submits this Reply to plaintiff GABRIELLE GANGITANO's Opposition Brief.  Defendant's motion was filed on June 29, 2017.  (Docket No. 16.)  Plaintiff filed her opposition on July 27, 2017, following the parties' stipulation and the Court's order extending time for Plaintiff to reply.  (Dockets No. 20, 21.)

Plaintiff offers no substantive opposition to the DISTRICT's motion.  Plaintiff's opposition fails to address the arguments raised in the DISTRICT's motion to dismiss.  Further, the opposition ignores Supreme Court precedent, relying on inapposite law and merely repeating the conclusory allegations contained in the Complaint.

## I.    INTRODUCTION

Plaintiff has failed to present a factual basis to support her claim that the DISTRICT violated Title IX.  Plaintiff attempts to create a private right of action where the Supreme Court has explicitly held one does not exist.  Further, even if a private right of action existed, Plaintiff has failed to allege sufficient facts to support a Title IX claim as she has not pled facts to show that the DISTRICT acted with deliberate indifference when it deferred to the Department of Education's investigation into plaintiff's claims of sexual harassment.

## II.    ARGUMENT

### A.    **Plaintiff has not Sufficiently Pled that the DISTRICT Violated Title IX**

Plaintiff contends that her Complaint "easily meets the pleading threshold for her Title IX claim against" the DISTRICT.  However, Plaintiff's complaint against the DISTRICT relies on the assertions that the DISTRICT "possessed actual knowledge of Taurke's unfitness, putting the college on actual notice of the substantial risk of abuse to students" and the DISTRICT "failed to provide Plaintiff, and other students and employees of Cabrillo with sufficient, easily understandable and accessible information on how to present complaints." (Complaint at ¶¶ 4,5.)  Neither of these allegations meet the pleading requirements for a Title IX claim against the DISTRICT for a professor's alleged harassment.  Plaintiff's Opposition does not direct the Court to any facts that support Plaintiff's claim that the DISTRICT violated Title IX.  Rather, her Opposition attempts to create a new theory of liability.

Despite the fact that the Supreme Court in *Gebser v. Lago Vista Independent School District* has explicitly held that there is no private right of action under Title IX for violations of administrative

requirements, Plaintiff's Opposition asserts that "while the lack for procedures itself is not actionable, not following basic procedures inevitably leads to deliberate indifference." (Plaintiff's Opposition.) This unsupported legal theory directly contradicts the Supreme Court's holding in *Gebser* and, without more, does not meet the pleading requirements under Title IX. "An institution's 'alleged failure to comply with the regulations [of the Department of Education] . . . does not establish deliberate indifference' and 'does not itself constitute discrimination in violate of Title IX.'" (*Moore v. Regents of the University of California*, 2016 WL 4917103 *3 quoting *Gebser*, 524 U.S. 274, 291-292 (1998).)

Even if Plaintiff has a private right of action under that theory, to survive a Motion to Dismiss, a plaintiff must plead facts that support a plausible inference that the school made what amounts to "an official decision not to remedy the violation." (*Oden v. N. Marianas Coll.,* 440 F.3d 1085, 1089 (9th Cir. 2006); accord *Doe v. Willits Unified Sch. Dist.*, 473 Fed.Appx. 775, 776 (9th Cir. 2012).) "The 'deliberate indifference' standard is difficult to meet, but it is the law under Title IX, and plaintiff's must meet it to proceed past the motion to dismiss stage." (*Karasek v. Regents of Univ. of California*, 226 F.Supp. 3d 1009, 1027 (N.D. Cal. 2016), appeal dismissed sub nom. *Commins v. Regents of Univ. of California*, No. 17-15123, 2017 WL 3200942 (9th Cir. Feb. 2, 2017).)

Plaintiff's Complaint does not allege any facts to support a theory that the DISTRICT made an "official decision not to remedy the violation" and that the DISTRICT's conduct was "plainly unreasonable in light of the known circumstances." (*Moore v. Regents of the University of California*, 2016 WL 4917103 *8.) Rather, Plaintiff's Complaint alleges that she "complained to the United States Department of Education Office for Civil Rights ('OCR')" and that "in response to that complaint, the OCR commenced an investigation." (Complaint at ¶¶ 26, 27.) Under these facts, the DISTRICT's participation in the OCR investigation is "neither plainly unreasonable" nor an "official decision not to remedy the violation." Following the completion of the OCR investigation, the DISTRICT then "initiated a conduct process with Professor Taurke." (Complaint at ¶ 32.)

Plaintiff may not agree with the DISTRICT's action; however, that alone is not sufficient to overcome the high burden of "deliberate indifference." (See *Garcia v. Clovis Unified School Dist.*, 627 F.Supp.2d 1187, 1196–97 (E.D.Cal.2009) (holding that a school is not deliberately indifferent simply because the response did not remedy the harassment or because the school did not utilize a particular

discipline); *Doe v. Benecia Unified School Dist.*, 206 F.Supp.2d 1048, 1056 (E.D.Cal.2002) (holding that ineffective or mistaken responses do not constitute deliberate indifference); see also *Gebser*, 524 U.S. at 290–91.)  The Ninth Circuit has held that even a nine-month delay in convening a hearing to formulate a response to the harassment was not more than "negligent, lazy, or careless" and there was no evidence in the record that the delay caused further injury to plaintiff or was a deliberate attempt to sabotage her complaint or its orderly resolution.  (See *Oden*, 440 F.3d at 1089; see also *Escue v. Northern Oklahoma College*, 450 F.3d 1146, 1155 (10th Cir.2006) (holding that although the school could have taken more aggressive action against a teacher, school administrators need not engage in a particular disciplinary action and victims do not have a right to seek particular remedial demands).)

        Further, like in *Moore*, the Complaint at issue does not allege any facts to establish that the "school rebuffed her requests for accommodations that specifically would have helped ameliorate the hostile environment to which she has been exposed. Nor does she aver explicitly she informed university officials she feared for her safety on campus." (*Moore v. Regents of the University of California*, 2016 WL 4917103 *7.)  In *Moore*, the court found that despite the fact that the plaintiff saw her assailant, a fellow student, on campus and later withdrew from the university, without alleging facts to establish that the university "simply ignored" her requests for assistance, her complaint did "not evince conduct plainly unreasonable in light of the known circumstances."  (*Moore v. Regents of the University of California*, 2016 WL 4917103 *8.)

        Plaintiff's Complaint does not allege any facts to establish that the DISTRICT rebuffed or ignored her requests for assistance.  Rather, the facts establish that the DISTRICT worked with OCR while OCR conducted the investigation into Plaintiff's complaint about the DISTRICT's reporting policies and TAURKE's actions and then "initiated a conduct process with Professor Taurke as a result of the OCR investigative decision."  (Complaint at ¶ 32.)

        Plaintiff's Opposition relies on three cases in which the court declined to determine if there had been deliberate indifference.  In *Lilah R.*, the court declined to rule on the issue of deliberate indifference at the pleading stage after finding that the plaintiff had failed to plead sufficient facts to establish that the District had actual notice of her complaint.  (*Lilah R. ex rel. Elena A. v. Smith*, 2011 WL 2976805 (N.D. Cal. July 22, 2011).)

Plaintiff next moves to *Takla*. There, the court declined to make a finding as a matter of law on deliberate indifference because the university made several fact-intensive assertions and the court determined that the arguments alleged by both the plaintiff and the university were better decided on a motion for summary judgment rather than a motion to dismiss. (*Takla v. Regents of the Univ. of California*, 2015 WL 6755190 (C.D. Cal. Nov. 2, 2015).)

Finally, Plaintiff points to *Karasek v. Regents of the University of California* to support her claim that she has alleged facts to establish deliberate indifference despite the fact that there is no private right of action for violations of administrative requirements. *Karasek* is inapplicable because the university did not raise any arguments targeting the plaintiff's showing of deliberate indifference; rather, the university contended that her allegations were deficient because they did not establish actual knowledge. The court found that the plaintiff had pled sufficient facts to show that the university had actual knowledge of the harassment, but did not make a finding regarding deliberate indifference toward the plaintiff's complaints. (*Karasek v. Regents of the Univ. of California*, 2015 WL 8527338 (N.D. Cal. Dec. 11, 2015).)

Finally, although Plaintiff attempts to convince the Court that a Motion to Dismiss is not the appropriate place to determine whether or not she has met her pleading requirement to establish deliberate indifference, the Supreme Court has expressly held that "[i]n an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law." (*Davis*, 526 U.S. at 649.)

Plaintiff has not proffered a viable theory for a private right of action against the DISTRICT for violations of administrative requirements. In addition, even if Plaintiff had a private right of action for violations of administrative requirements, she has not alleged facts to establish that the DISTRICT was deliberately indifferent to her complaints of harassment. Accordingly, Plaintiff has not met the plausible pleading standard.

B. **Plaintiff has Stated that she will Voluntarily Dismisses Her 1983 Claim**

Plaintiff's Opposition states that she will voluntarily dismiss her 1983 claim against the DISTRICT without prejudice. She does not state whether she will amend the complaint to attempt to state a 1983 claim against the DISTRICT. This claim should be dismissed with prejudice because the

DISTRICT'S REPLY IN SUPPORT OF MOTION DISMISS PLAINTIFF GABRIELLE GANGITANO'S COMPLAINT
USDC Case No.: :17-cv-02870-LHK

DISTRICT, as a state agency, is entitled to Eleventh Amendment immunity. "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." (*Mitchell v. Los Angeles Cty. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).) Claims for damages against a state or a state official acting in his or her official capacity are barred under § 1983. (*Quern v. Jordan*, 440 U.S. 332, 342 (1979).) The State is not a "person" within the meaning of 42 U.S.C. § 1983. (*Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992); *Inyo County v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony*, 538 U.S. 701, 708 (U.S. 2003).)

### III.   CONCLUSION

None of the facts pled against the DISTRICT are sufficient in establishing a claim. The DISTRICT respectfully requests that its Motion to Dismiss be granted accordingly.

Dated:  August 10, 2017                               BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:   */s/ Nicole Phillips*
      Eugene B. Elliot
      Nicole L. Phillips
      Attorneys for Defendant
      CABRILLO COMMUNITY COLLEGE DISTRICT