John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

*Attorneys for Plaintiff Gabrielle Gangitano*

## THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLE GANGITANO, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>CABRILLO COLLEGE, a local educational agency; and ALEX B. TAURKE, an individual,<br><br>        Defendants. | Case No. 5:17-cv-02870-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference<br>Date:      August 23, 2017<br>Time:      2:00 p.m.<br>Dept.:     Courtroom 8 – 4th Floor<br><br>Assigned to the Hon. Lucy H. Koh<br><br>Complaint filed on May 18, 2017 |

1    **TO THE COURT, ALL PARTIES AND TO THEIR RESPECTIVE**

2    **COUNSEL OF RECORD:**

3         Pursuant to Fed.R.Civ.Proc.26(f), Civil L.R. 16-9 and 16-10, and the

4    Court's Order of May 22, 2017, the parties, Plaintiff GABRIELLE

5    GANGITANO ("Plaintiff") and Defendants CABRILLO COMMUNITY

6    COLLEGE DISTRICT ("Cabrillo College") and ALEX B. TAURKE

7    ("Taurke"), through their counsel of record, met and conferred and prepared

8    the following Joint Case Management Statement.

9    **1.    JURISDICTION AND SERVICE**

10        This action is brought under Title IX of the Education Act Amendments

11   of 1972 (20 U.S.C. § 1681) and 42 U.S.C. § 1983 against Defendant Cabrillo

12   College.  Plaintiff also presents state law claims for sexual assault and battery

13   against Defendant Taurke.  Subject matter jurisdiction over this action is

14   conferred by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights).

15   Plaintiff's state law claims for relief are within the supplemental jurisdiction of

16   the Court pursuant to 28 U.S.C. § 1367(a).

17        Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because

18   the wrongful conduct giving rise to this case occurred in the County of Santa

19   Cruz, California, which is located in the Northern District of California.

20   Plaintiff is also, and at all relevant times was, a citizen and resident of Santa

21   Cruz County, located in the Northern District of California. Since the acts or

22   omissions which give rise to Plaintiff's claims occurred in the County of Santa

23   Cruz, pursuant to Civil L.R. 3.2(c), this action is appropriately assigned to the

24   San Jose division of the Northern District Court.

25        No issues exist among the parties regarding personal jurisdiction or

26   venue. Defendants Cabrillo College and Taurke have been served. At this

27   time, there are no parties that remain to be served.

28   / / /

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiff

## 2.   FACTS

Plaintiff alleges in her complaint that she was sexually harassed and assaulted by defendant Taurke who was her professor at Cabrillo College. In May 2016, Plaintiff sought an avenue to make her complaint to Cabrillo College. Plaintiff's initial attempts to notify Cabrillo College were stymied by Defendant's inept bureaucratic labyrinth that ended with the male athletic director. Frustrated, in May 2016 Plaintiff contacted the U.S. Department of Education's Office of Civil Rights (hereinafter "OCR"), which proceeded to notify Cabrillo College of Plaintiff's serious allegations against her professor.

Plaintiff further alleges that for seven months, until December 21, 2016, Cabrillo College did nothing until it reached a resolution agreement with OCR, and still has not done anything about Plaintiff's specific complaints about Taurke. Cabrillo College's resolution agreement only promised to improve its Title IX compliance going forward. Plaintiff alleges that Cabrillo College was deliberately indifferent towards Plaintiff during this entire period. Plaintiff alleges that Defendant never conducted an investigation itself into Plaintiff's specific allegations concerning Taurke after being notified of her claims.

Defendants Taurke and Cabrillo College dispute all claims alleged against them..

## 3.   LEGAL ISSUES

In Plaintiff's Opposition to Cabrillo College's Motion to Dismiss filed on July 27, 2017, Plaintiff recently agreed to dismiss her second cause of action 42 U.S.C. § 1983. (See Dkt. 21.)

Thus, as to the remaining causes of action in Plaintiff's complaint, the legal issues involve whether Taurke sexually harassed and assaulted Plaintiff. In addition, under Plaintiff's Title IX cause of action, the legal issues involve whether: (1) the institution (Cabrillo College) had "substantial control" over both the harasser and the context in which the harassment occurred; (2)

1   plaintiff suffered harassment "that is so severe, pervasive, and objectively

2   offensive that it can be said to deprive the victim of access to the education

3   opportunity or benefits provided by the school;" (3) the institution had "actual

4   knowledge of the harassment;" and (4) the institution acted with "deliberate

5   indifference" to the known harassment"; and (5) this deliberate indifference

6   "cause[d] students to undergo harassment or ma[d]e them liable or vulnerable

7   to it." *Takla v. Regents of the University of California*, 2015 WL 6755190

8   (C.D. Cal. Nov. 2, 2015) ("Takla") (citing *Gebster v. Lago Vista Indep. Sch.*

9   *Dist.*, 524 U.S. 274, 290-93 (1998).

10          The legal issues also involve whether Plaintiff was damaged, the nature

11   and extent of those damages, and Plaintiff's recovery for those damages if she

12   is entitled to them.

13   **4.      MOTIONS**

14          On June 29, 2017, Cabrillo College filed its Motion to Dismiss

15   Plaintiff's causes of action under Title IX and 42 U.S.C. § 1983, which is set

16   to be heard on September 12, 2017.  (See Dkt. 16.)  Plaintiff has filed an

17   Opposition (see Dkt. 21) and Cabrillo College will have filed a Reply by the

18   time this Statement is filed.

19          Cabrillo College anticipates that it will file a Motion for Summary

20   Judgment as well in the future, if it is not successful on its current or any

21   subsequent Motions to Dismiss.

22   **5.      AMENDMENT OF PLEADINGS**

23          As indicated earlier, Plaintiff recently agreed to dismiss her second

24   cause of action under 42 U.S.C. § 1983 in Plaintiff's Opposition to Cabrillo

25   College's Motion to Dismiss. (See Dkt. 21.)  The parties do not anticipate at

26   this time that any other parties, claims or defenses will be added or dismissed.

27   ///

28   ///

## 6.   EVIDENCE PRESERVATION

All of the parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed.R.Civ.Proc.26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7.   DISCLOSURES

All of the parties confirm that they have complied with the exchange of initial disclosures pursuant to Fed.R.Civ.Proc.26, by exchanging their disclosures on or before Wednesday, August 16, 2017 with all parties (7 days prior to the Case Management Conference scheduled on August 23, 2017).

## 8.   DISCOVERY

### a.  Discovery Conducted to Date

Other than the initial disclosures recently exchanged, no other discovery has been conducted to date.

### b.  Scope of Anticipated Discovery

Discovery will be conducted into the liability and damage issues through written discovery (interrogatories, request for admissions, demand for productions, and inspection demands), depositions, subpoenas for records, and any other relevant discovery provided in the Fed.R.Civ.Proc. and Civil L.R.

### c.  Proposed Limitations or Modifications to the Discovery Rules

None proposed at this time. The parties agree that discovery will be conducted pursuant to the guidelines provided by the Fed.R.Civ.Proc. and Civil L.R.

///

///

///

///

1   **d.  Stipulated E-Discovery Order**

2        The parties anticipate that that a stipulated protective order will be

3   implemented in this case before the production of any sensitive/confidential

4   and or privileged documents are produced in this case.  The parties will meet

5   and confer regarding the terms of the stipulated protective order, which the

6   parties hope to submit to the Court for approval prior the Case Management

7   Conference scheduled on August 23, 2017.  If the parties are unable to come to

8   a complete agreement on the terms of the stipulated protective order by the

9   Case Management Conference, the parties request the Court's assistance with

10  addressing the disputed terms at the Conference.

11       **e.  Proposed Discovery Plan**

12       The parties have met and conferred and have prepared the following

13  proposed discovery plan, in the anticipating of conducting an early mediation

14  with a mutually agreed upon private mediator, to be completed by the end of

15  November 2017.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | Monday, August 21, 2017 |
| Initial Written Discovery | Thursday, October 31, 2017 |
| Depositions of Plaintiff, Taurke and Fed.R.Civ.Proc.30(b)6 witnesses from Cabrillo College | Thursday, October 31, 2017 |
| Mediation Completion Date | Thursday, November 31, 2017 |
| Supplemental Written Discovery | Ongoing up to Trial |
| Any Additional Depositions | Ongoing up to Trial |
| Other Relevant Discovery | Ongoing up to Trial |
| *Please see Section 17, SCHEDULING, for additional dates.* | |

**9.     CLASS ACTIONS**

Not applicable. This matter is not a class action.

**10.     RELATED CASES**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.     RELIEF**

Under Plaintiff's Title IX cause of action against Defendant Cabrillo College, Plaintiff alleges she has suffered damages for which she is entitled to compensatory damages and injunctive relief, and because she has been compelled to employ attorneys, is entitled to attorneys' fees pursuant to 42 U.S.C. §1988(b), according to proof.

///

///

///

1    Under Plaintiff's sexual assault and sexual battery claim against

2  Defendant Taurke, Plaintiff alleges that she has suffered damages for which

3  she is entitled to compensatory and punitive and exemplary damages according

4  to proof, as Plaintiff alleges that Professor Taurke carried out the

5  aforementioned acts knowing that great bodily injury and emotional distress

6  were substantially certain to be caused to Plaintiff; yet he continued to engage

7  in said despicable acts maliciously and with a conscious disregard of the rights

8  and safety of Plaintiff.

9  **12.   SETTLEMENT AND ADR**

10    No ADR has taken place to date. The parties are all amenable to private

11  mediation, and anticipate completing such a mediation by November 31, 2017

12  with a mutually agreed upon private mediator, after initial written discovery

13  and the depositions of Plaintiff, Taurke, and a Fed.R.Civ.Proc.30(b)6 witness

14  on certain issues from Cabrillo College are taken. The parties indicate that they

15  have all complied with the requirements of ADR L.R. 3-5.

16  **13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

17    The parties do not consent to have a magistrate judge conduct all further

18  proceedings including trial and entry of judge.

19  **14.   OTHER REFERENCES**

20    The parties do not believe this case is not suitable for reference to

21  binding arbitration, a special master, or the Judicial Panel on Multidistrict

22  Litigation.

23  **15.   NARROWING OF ISSUES**

24    Plaintiff's claims against Cabrillo College may be narrowed through its

25  current Motion to Dismiss on calendar, or a Motion for Summary Judgment

26  filed in the future on the main issue of whether Cabrillo College was

27  deliberately indifferent to Plaintiff once it received notice of the sexual assault

28  and battery claims against Taurke.

## 16.   EXPEDITED TRIAL PROCEDURE

The parties confirm that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17.   SCHEDULING

The parties have met and conferred and provide the following proposed Dates to the Court for the following events:

| Event | Proposed Deadline |
|-------|-------------------|
| Mediation Completion | Thursday, November 30. 2017 |
| Hearing of Dispositive Motions | Friday, March 30, 2017 |
| Designation of Experts | Friday, June 8, 2018 |
| Discovery Cut-Off | Friday, June 8, 2018 |
| Expert Discovery Cut-Off | Friday, July 20, 2017 |
| Pre-Trial Conference | Monday, July 30, 2018 |
| Trial | Monday, August 13, 2018 |

## 18.   TRIAL

The parties preliminarily estimate a 4-6 day jury trial in this case.

## 19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All of the parties who are required to file a "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-15 have filed the certification, with a restatement of the contents of the certification provided below:

### a.  Plaintiff

Pursuant to Civil L.R. 3-15, Plaintiff certified that other than the named parties, there is no such interest to report.

///

### b. Cabrillo College

Pursuant to Civil L.R. 3-15, Cabrillo College is a governmental entity and therefore, exempt from this certification requirement.

### c. Taurke

Pursuant to Civil L.R. 3-15, Taurke certified that other than the named parties, there is no such interest to report.

## 20.  PROFESSIONAL CONDUCT

All of the attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California, and agree to abide by its guidelines.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**OTHER ISSUES**

2

    The parties do not anticipate any other issues at this time.

3

4

Dated:  August 16, 2017             **KRISTENSEN WEISBERG, LLP**

5

6

                             */s/ John P. Kristensen*

7

                             John P. Kristensen

8

                             David L. Weisberg

                             Christina M. Le

9

                             Attorneys for Plaintiff

10

11

Dated:  August 16, 2017             **BERTRAND, FOX, ELLIOT,**
                              **OSMAN & WENZEL**

12

13

                       By:  /S/ Nicole L. Phillips

14

                             Eugene B. Elliot

15

                             Ethan M. Lowry

16

                             Nicole L. Phillips

                             Attorneys for Defendant

17

                             CABRILLO COMMUNITY

18

                             COLLEGE

                             DISTRICT

19

20

21

Dated:  August 16, 2017             **DAVIS & YOUNG, LLP**

22

23

                       By:  /S/ Adam J. Davis

24

                             Adam J. Davis

                             Mark E. Davis

25

                             Attorneys for Defendant

                             ALEX B. TAURKE

26

27

28

# ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by counsel for Defendants Cabrillo Community College District and Alex Taurke to show their signature on this document as /s/.

Dated:  August 16, 2017

**KRISTENSEN WEISBERG, LLP**

*/s/ John P. Kristensen*

John P. Kristensen
David L. Weisberg
Christina M. Le
Attorneys for Plaintiff

KRISTENSEN
WEISBERG, LLP
Attorneys for Plaintiffs
KW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:

12540 Beatrice Street, Suite 200, Los Angeles, California 90066

On Wednesday, August 16, 2017, I served the foregoing document described as:

### JOINT CASE MANAGEMENT STATEMENT

[ X ] by placing [ ] the original  [ X ] copies addressed as follows:

Nicole Phillips, Esq.
Bertrand, Fox, Elliot, Osman & Wenzel
2749 Hyde Street, San Francisco, CA
94109
**Counsel for Defendant Cabrillo College**

Davis & Young
1960 The Alameda
Suite 210
San Jose, CA 95126
**Counsel for Defendant Alex Taurke**

[ ]    **VIA ELECTRONIC TRANSMISSION**

[ X ]  (BY MAIL) I am familiar with the practice of Kristensen Weisberg, LLP for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Kristensen Weisberg, LLP, Los Angeles, California, following ordinary business practices.

[ ]    (BY FEDEX) I am familiar with the practice of Kristensen Weisberg, LLP for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Kristensen Weisberg, LLP, Los Angeles, California, following ordinary business practices.

[ ]    (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of the addressee.

1 [ ]    (BY FACSIMILE TRANSMISSION)  On this date, indicated on the
transmittal sheet I transmitted from a facsimile transmission machine, which

2 telephone number is (310) 507-7906, the document described above and an

3 unsigned copy of this declaration to the person, and at the facsimile transmission
telephone numbers, set forth herein.  The above-described transmission was

4 reported as complete and without error by a properly issued transmission report

5 issued by the facsimile transmission machine upon which the said transmission
was made immediately following the transmission.

6

7    I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct, and that this declaration was executed on

8 Wednesday, August 16, 2017, at Los Angeles, California.

9

10

11 Luz Arely Portillo

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRISTENSEN WEISBERG LLP
Attorneys for Plaintiffs
KW