UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLE GANGITANO,<br><br>Plaintiff,<br><br>v.<br><br>CABRILLO COLLEGE, et al.,<br><br>Defendants. | Case No. 17-CV-02870-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 16 |

Plaintiff Gabrielle Gangitano ("Gangitano") sues Defendants Alex B. Taurke ("Taurke") and Cabrillo College ("Cabrillo") (collectively, "Defendants"), for causes of action arising from Taurke's alleged sexual harassment of Gangitano. *See* ECF No. 1 ("Compl."). Before the Court is Cabrillo College's motion to dismiss. ECF No. 16. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Cabrillo College's motion to dismiss with leave to amend.

**I.  BACKGROUND**

**A. Factual Background**

Gangitano is an undergraduate student at Cabrillo. Compl. ¶ 15. In Spring of 2016, Gangitano was enrolled in a course taught by Taurke, and Gangitano also worked as a tutor under Taurke's guidance. *Id*. Sometime during the Spring 2016 term, Taurke asked Gangitano to be Taurke's "Supplemental Instructor." *Id.*

1

Gangitano alleges that when she worked as Taurke's "Supplemental Instructor," Taurke "began to make suggestive comments" and eventually engaged in "offensive conduct," all of which were "sexual in nature and sometimes [] accompanied by inappropriate physical touching." *Id.* ¶ 16. For example, Gangitano alleges that Taurke "forc[ed] [Gangitano] to feel his scars." *Id.* ¶ 17. Gangitano alleges that this behavior came to a peak in May 2016. First, on May 7, 2016, Taurke emailed Gangitano and remarked that "you continue to amaze me how mature you are. I don't think I've ever know [sic] an 18-year-old who's as put together as you. I was pretty lost when I was 18. Are you sure you're not fooling me? Are you actually 30? (I mean you look the role of a beautiful, young woman, but you sure don't act it!)." *Id.* ¶ 18.

Then, on May 17, 2016, Taurke emailed Gangitano and stated that "I know we don't have calculus anymore, sniff, sniff, but if you want to discuss/ Physics, /SI leadership, /your future theater career,/ or your special extra credit project ;-) / Whatever. I'll be around. I always enjoy seeing you!" *Id.* ¶ 19. The following day, Taurke met Gangitano in person and told Gangitano "you have that superpower where you are enchantingly beautiful and incredibly smart and funny and beautiful inside and out and you have a superpower of casting a spell on people and you've cast a spell on me." *Id.* ¶ 20. Taurke also hugged Gangitano and "touch[ed] and strok[ed] her legs." *Id.* Then, on May 20, 2016, Gangitano met again with Taurke. *Id.* ¶ 21. During this meeting, Taurke "closed the blinds to ensure privacy in his office space," "discretely moved his chair closer to [Gangitano] so he could put his knees around hers so their knees and thighs would touch," and "caressed and stroked the side of [Gangitano's] face and head." *Id.*

Gangitano alleges that she wanted to file a grievance with Cabrillo and report Taurke's conduct, but Gangitano could not figure out the proper procedure. *Id.* ¶ 23. Gangitano states that Cabrillo's "Notice of Nondiscrimination" was "not readily accessible to students," and that it did not "contain specific information about where to file a complaint, or who to contact." *Id.* ¶ 24. Between May 22, 2016, and May 24, 2016, Gangitano attempted to contact Cabrillo's Title IX coordinator, but Gangitano was "deferred to many offices, until she was finally directed to a male athletic coach." *Id.* ¶ 25. Gangitano "felt uncomfortable talking to [the male athletic coach] about

2

her complaint," and thus did not file a complaint with Cabrillo at all. *Id.* Instead, on May 25, 2016, Gangitano filed a complaint with the United States Department of Education Office for Civil Rights ("OCR"). *Id.* ¶ 26. Gangitano's complaint with OCR described Taurke's conduct towards her, in addition to Cabrillo's lack of clear procedures for filing grievances about inappropriate conduct on the part of instructors. *Id.* ¶ 26. In response to that complaint, OCR began investigating Cabrillo and determined that Cabrillo never actually had a permanent and designated Title IX coordinator. *Id.* ¶ 27. Further, Gangitano states that on December 21, 2016, Cabrillo "admitted to inadequacies in its notification, reporting, monitoring, and training requirements and policy obligations as required under Title IX." *Id.* ¶ 28. OCR also interviewed Taurke, who "admitted both to making the statements and realizing that the statements were sexually harassing." *Id.* ¶ 27.

Gangitano quit her job as "Supplemental Instructor" for Taurke before the start of the Fall 2016 academic term "because the potential of seeing or interacting with Professor Taurke made her feel anxious, nervous, and uneasy based on his prior conduct with her." *Id.* ¶ 29. Gangitano alleges that "[w]hile Cabrillo College supposedly initiated a conduct process with Professor Taurke as a result of the OCR investigative decision, [Gangitano] is informed and believes that Professor Taurke has been allowed to remain on campus as an employee and no further actions have been taken by Cabrillo to either address his conduct against her, or to protect others like herself on the Cabrillo campus from any further actions by Professor Taurke and others." *Id.* ¶ 32. Further, Gangitano "believes [Cabrillo] has failed to adequately address and resolve her complaint as Cabrillo has barely, if at all, implemented any disciplinary actions towards Professor Taurke for his improper conduct against her." *Id.* ¶ 33.

**B. Procedural History**

On May 18, 2017, Gangitano sued Defendants in this Court. *See* ECF No. 1. Gangitano's complaint alleged four causes of action: (1) violation of Title IX of the Education Act Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 (against Cabrillo); (2) violation of 42 U.S.C. § 1983 (against Cabrillo); (3) sexual assault (against Taurke); and (4) sexual battery (against Taurke).

3

Case No. 17-CV-02870-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

On July 6, 2017, Taurke answered Gangitano's complaint. ECF No. 17. On June 29, 2017, Cabrillo filed a motion to dismiss Gangitano's complaint. ECF No. 16. On July 27, 2017, Gangitano opposed Cabrillo's motion. ECF No. 21. On August 10, 2017, Cabrillo filed a Reply. ECF No. 25.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183

(9th Cir. 2004).

## B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Cabrillo moves to dismiss the only causes of action asserted against Cabrillo in Gangitano's complaint, Counts One and Two. The Court considers each of the Counts below.

### A. Count One (Title IX)

Count One of Gangitano's complaint alleges that Cabrillo violated Title IX. *See* Compl. ¶¶ 34–41. Title IX states in relevant part that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX provides a private right of action to students who are sexually harassed by their teachers. *See Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 75 (1992) ("Unquestionably, Title IX placed on the Gwinnett County Public Schools the duty not to discriminate on the basis of sex, and when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor discriminates on the basis of sex. We believe the same rule should apply when a

teacher sexually harasses and abuses a student" (internal quotation marks and citation omitted)). However, to state a Title IX claim against an educational institution for its faculty member's sexual harassment of a student, a plaintiff must allege that (1) "an official [of the institution] who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [institution]'s behalf ha[d] actual knowledge" of the harassment; and (2) the institution "fail[ed] adequately to respond" to the harassment in a way that "amount[ed] to deliberate indifference" to the harassment. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

Count One of Gangitano's complaint does not contain adequate factual allegations to state a claim against Cabrillo under Title IX for teacher-on-student sexual harassment. In Count One, Gangitano alleges only that Cabrillo (1) "failed to protect [Gangitano] from the unwanted, inappropriate, injurious and continuing conduct of Professor Taurke . . . by failing to provide sufficient sexual harassment training . . . , management and supervision of Professor Taurke to deter and/or prevent[] such unlawful conduct"; and (2) "failed to provide [Gangitano] . . . with sufficient, easily understandable and accessible information on how to present complaints of such unlawful conduct, or identification of an appropriate Title IX Coordinator." Compl. ¶¶ 38–39. Nowhere in Count One does Gangitano allege facts that plausibly suggest that Cabrillo had "actual knowledge" of any teacher-on-student sexual harassment committed by Taurke or any other Cabrillo faculty members. *Gebser*, 524 U.S. at 290. Further, because Count One fails to sufficiently allege that Cabrillo had knowledge of any teacher-on-student sexual harassment, the factual allegations in Count One do not plausibly suggest that Cabrillo was deliberately indifferent to harassment of which Cabrillo had actual knowledge.[1] *See id.* at 290–91.

---

[1] In Count One, Gangitano points to a Department of Education regulation requiring schools to "adopt a public grievance procedure providing for the prompt and equitable resolution of student and employee complaints" about sexual harassment. Compl. ¶ 39; *see* 34 C.F.R. § 106.8(b) (1997). However, the United States Supreme Court has stated that a defendant institution's alleged failure to comply with § 106.8(b) "does not establish the requisite actual notice and deliberate indifference" for a Title IX claim. *Gebser*, 524 U.S. at 292. As a result, Gangitano's allegation that Cabrillo failed to comply with § 106.8(b)'s grievance procedure requirement is not sufficient to plausibly suggest that Cabrillo was deliberately indifferent to teacher-on-student sexual

6
Case No. 17-CV-02870-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

In her opposition to Cabrillo's motion to dismiss, Gangitano raises an entirely new Title IX deliberate indifference theory. Specifically, Gangitano argues in her opposition that (1) Cabrillo had actual knowledge of Taurke's alleged sexual harassment of Gangitano because Gangitano "[got] the OCR to contact Cabrillo" about the harassment; and (2) "the end result of no complete investigation [of the harassment] conducted [by Cabrillo] after a year, as well as [Cabrillo's] failure to inform [Gangitano] of any decision or remedial actions specifically about Taurke," amount to deliberate indifference towards Taurke's alleged sexual harassment on the part of Cabrillo. ECF No. 21 at 8, 11–12. However, the Court need not address this new theory because Count One of Gangitano's complaint does not appear to be based on this theory. As explained above, Count One alleges only that Cabrillo (1) failed to sufficiently train and supervise Taurke; and (2) failed to institute an adequate grievance procedure for reporting instances of sexual harassment. *See* Compl. ¶¶ 38–39. Further, Count One asserts that these specific "acts or omissions by Cabrillo" violate Title IX. *Id.* ¶ 40. Count One does not identify any other acts or omissions as violative of Title IX. *Id.* Thus, Count One currently is not premised on Cabrillo's purported failure to complete an investigation of Taurke and failure to notify Gangitano of any remedial actions against Taurke a year after being contacted by the OCR about Gangitano's complaint. In other words, Gangitano's current complaint fails to "provide[] fair notice of the nature of" Gangitano's new theory of Title IX liability and "the facts which underlie" that theory. *Grid Sys. v. Tex. Instruments, Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal. 1991). As a result, Gangitano's current complaint did not adequately plead a Title IX deliberate indifference claim.

Accordingly, the Court GRANTS Cabrillo's motion to dismiss Count One. The Court affords Gangitano leave to amend because Gangitano may be able to allege sufficient facts to state a claim under Title IX. *See Lopez*, 203 F.3d at 1127 (holding that "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts" (internal quotation marks omitted)).

---

harassment in violation of Title IX.

7
Case No. 17-CV-02870-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

### B. Count Two (§ 1983)

Cabrillo moves to dismiss Count Two (Gangitano's § 1983 claim) as barred by Eleventh Amendment sovereign immunity. In her opposition, Gangitano agrees to voluntarily dismiss Count Two without prejudice. In its Reply, Cabrillo argues that Count Two should be dismissed with prejudice. However, in light of the numerous exceptions to sovereign immunity established by California law, *see, e.g.*, Cal. Gov't Code §§ 815, 820, the Court cannot conclude at this stage that amendment would necessarily be futile. *See Leadsinger*, 512 F.3d at 532. Thus, the Court GRANTS Cabrillo's motion to dismiss Count Two with leave to amend. Should Gangitano elect not to amend Count Two, then Cabrillo may move to dismiss Count Two with prejudice in a subsequent motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Cabrillo's motion to dismiss is GRANTED. In particular:

1. The Court GRANTS with leave to amend Cabrillo's motion to dismiss Gangitano's Title IX claim in Count One.

2. The Court GRANTS with leave to amend Cabrillo's motion to dismiss Gangitano's § 1983 claim in Count Two.

Should Gangitano elect to file an amended complaint curing the deficiencies identified herein, Gangitano shall do so within thirty (30) days of this order. Failure to meet this thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal with prejudice. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: September 20, 2017

_____
LUCY H. KOH
United States District Judge

Case No. 17-CV-02870-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND