1  Eugene B. Elliot, State Bar No. 111475
   Ethan M. Lowry, State Bar No. 278831
2  Nicole L. Phillips, State Bar No. 306686
   BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  The Waterfront Building
   2749 Hyde Street
4  San Francisco, California 94109
   Telephone: (415) 353-0999
5  Facsimile:  (415) 353-0990
   Email:      eelliot@bfesf.com
6
7  Attorneys for Defendant
8  CABRILLO COMMUNITY COLLEGE DISTRICT

9

10                    UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12  GABRIELLE GANGITANO,                    Case No. 5:17-cv-02870-LHK

13        Plaintiff,                        **DEFENDANT CABRILLO COMMUNITY
                                            COLLEGE DISTRICT'S ANSWER TO
14  v.                                      PLAINTIFF'S FIRST AMENDED COMPLAINT
                                            AND DEMAND FOR JURY TRIAL**
15  CABRILLO COLLEGE, and ALEX B.
16  TAURKE,

17        Defendants.

18                                          **Hon. Lucy H. Koh**

19

20

21

22

23

24

25

26

27

28

Defendant CABRILLO COMMUNITY COLLEGE DISTRICT (the "DISTRICT") hereby requests a jury trial in the above captioned matter and answers the Amended Complaint on file of plaintiff GABRIELLE GANGITANO in the same order of paragraphs as set forth by the Plaintiff's Amended Complaint and alleges as follows:

The DISTRICT denies generally and specifically, all and singular, each and every, of the allegations contained in Plaintiff's Amended Complaint and further denies that Plaintiff has been damaged in any sum, amount or at all by any act or omissions of this answering defendant.

## ANSWER TO ALLEGATIONS TITLED "INTRODUCTION"

1.      Answering paragraph 1 of the Amended Complaint, the DISTRICT admits that plaintiff GABRIELLE GANGITANO alleges causes of action against defendants CABRILLO COLLEGE and ALEX TAURKE.

2.      Answering paragraph 2 of the Amended Complaint, the DISTRICT admits that PLAINTIFF was a student at Cabrillo College during the Spring 2016 semester. The DISTRICT lacks information and belief sufficient to answer the remaining allegations and on that basis denies the allegations.

3.      Answering paragraph 3 of the Amended Complaint, the DISTRICT admits that the cited Cabrillo policy is intended to prevent discrimination based on sex and gender, but deny any implication that Plaintiff is asserting related to said policy. The remaining allegations therein set forth non-factual legal conclusions. Those allegations are denied accordingly.

4.      Answering paragraph 4 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions. Those allegations are denied accordingly.

5.      Answering paragraph 5 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions and prayers for relief. Those allegations are denied accordingly.

6.      Answering paragraph 6 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions and prayers for relief. Those allegations are denied accordingly.

## ANSWER TO ALLEGATIONS TITLED "JURISDICTION, VENUE AND INTRA DISTRICT ASSIGNMENT"

7.      Answering paragraph 7 of the Amended Complaint, the DISTRICT admits that the action

1

is brought under Title IX of the Education Act Amendments of 1972 (20 U.S.C Section 1681) and presents state law claims for sexual assault and battery against TAURKE. The DISTRICT denies that the action is brought under 42 U.S.C. Section 1983.

8. Answering paragraph 8 of the Amended Complaint, the DISTRICT admits that the Court has jurisdiction for these claims.

9. Answering paragraph 9 of the Amended Complaint, the DISTRICT admits that this case is properly venued with this Court. The DISTRICT lacks information and belief sufficient to answer the remaining allegations and on that basis denies the allegations.

10. Answering paragraph 10 of the Amended Complaint, the DISTRICT does not dispute that this case is properly venued in the San Jose division of the Northern District Court.

## ANSWER TO ALLEGATIONS TITLED "PARTIES"

11. Answering paragraph 11 of the Amended Complaint, the DISTRICT admits that Plaintiff was a student at Cabrillo. The DISTRICT lacks information and belief sufficient to answer the remaining allegations and on that basis denies the allegations.

12. Answering paragraph 12 of the Amended Complaint, the DISTRICT admits that Cabrillo College is a higher education agency in Santa Cruz County. The DISTRICT lacks information and belief sufficient to answer the remaining allegations and on that basis denies the allegations.

13. Answering paragraph 13 of the Amended Complaint, the DISTRICT admits that TAURKE was employed by Cabrillo College and resides in Monterey County, California. The remaining allegations therein set forth non-factual legal conclusions and prayers for relief. Those allegations are denied accordingly.

14. Answering paragraph 14 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions and prayers for relief. Those allegations are denied accordingly.

## ANSWER TO ALLEGATIONS TITLED "STATEMENT OF FACTS"

15. Answering paragraph 15 of the Amended Complaint, the DISTRICT admits that TAURKE was employed by Cabrillo College. The remaining allegations therein set forth non-factual legal conclusions and prayers for relief. Those allegations are denied accordingly.

16. Answering paragraph 16 of the Amended Complaint, the DISTRICT admits that

PLAINTIFF was enrolled in Cabrillo College.  The DISTRICT also admits that Plaintiff was enrolled in TAURKE's "calculus" course in the Spring of 2016.  The DISTRICT also admits that Plaintiff applied to be TAURKE's "Supplemental Instructor."   The DISTRICT lacks information and belief sufficient to answer the remainder of the allegations and on that basis denies the allegations.

17.     Answering paragraph 17 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

18.     Answering paragraph 18 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

19.     Answering paragraph 19 of the Amended Complaint, the DISTRICT admits that on or about May 17, 2016, TAURKE emailed Plaintiff and that the email includes, in part, the language contained in paragraph 19 of the Amended Complaint.

20.     Answering paragraph 20 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

21.     Answering paragraph 21 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

22.     Answering paragraph 22 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

23.     Answering paragraph 23 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

24.     Answering paragraph 24 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

25.     Answering paragraph 25 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

26.     Answering paragraph 26 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

27.     Answering paragraph 27 of the Amended Complaint, the DISTRICT lacks information and belief sufficient to answer the allegations and on that basis denies the allegations.

28.     Answering paragraph 28 of the Amended Complaint, the DISTRICT admits that on or

about May 25, 2016, PLAINTIFF filed a complaint with the United States Department of Education Office of Civil Rights ("OCR").  The DISTRICT also admits that PLAINTIFF's complaint included references to TAURKE and Cabrillo's Title IX procedure.  The DISTRICT lacks information and belief sufficient to answer the remainder of the allegations and on that basis denies the allegations.

29.   Answering paragraph 29 of the Amended Complaint, the DISTRICT admits that on June 21, 2016 it received a letter from OCR stating that Plaintiff alleged that she "was subjected to unwanted touching and comments by a College faculty member, and the harassing conduct created a hostile environment for the Student on the basis of sex" and "OCR will proceed with resolution of the complaint."  The remaining allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

30.   Answering paragraph 30 of the Amended Complaint, the DISTRICT denies each and every allegation stated either expressly or by implication by this paragraph.

31.   Answering paragraph 31 of the Amended Complaint, the DISTRICT admits that OCR conducted and investigation and on or about January 4, 2017 issued a letter summarizing its findings.

32.   Answering paragraph 32 of the Amended Complaint, the DISTRICT denies each and every allegation stated either expressly or by implication by this paragraph.

33.   Answering paragraph 33 of the Amended Complaint, the DISTRICT denies that the only action Cabrillo took was to coordinate an interview of TAURKE by OCR and that there was no questioning or interviewing of TAURKE conducted beforehand.  The DISTRICT lacks information and belief sufficient to answer the remainder of the allegations and on that basis denies the allegations.

34.   Answering paragraph 34 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

35.   Answering paragraph 35 of the Amended Complaint, the DISTRICT denies each and every allegation stated either expressly or by implication by this paragraph.

36.   Answering paragraph 36 of the Amended Complaint, the DISTRICT admits that PLAINTIFF did not serve as TAURKE's Supplemental Instructor in Fall 2016.  The DISTRICT lacks information and belief sufficient to answer the remainder of the allegations and on that basis deny the allegations.

37.     Answering paragraph 37 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

38.     Answering paragraph 38 of the Amended Complaint, the DISTRICT the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

39.     Answering paragraph 39 of the Amended Complaint, the DISTRICT the DISTRICT the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

40.     Answering paragraph 40 of the Amended Complaint, the DISTRICT denies each and every allegation stated either expressly or by implication by this paragraph.

**ANSWER TO FIRST CAUSE OF ACTION: "VIOLATION OF TITLE IX, 20 U.S. C. § 1681"**

41.     Answering paragraph 41 of the Amended Complaint, the DISTRICT incorporates by reference its answers to the incorporated paragraphs.

42.     Answering paragraph 42 of the Amended Complaint, the DISTRICT admits that the complaint describes provisions of the Education Act Amendments of 1972.

43.     Answering paragraph 43 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

44.     Answering paragraphs 44 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

45.     Answering paragraph 45 of the Amended Complaint, the DISTRICT denies that TAURKE only had one sexual harassment training in his 20 years at Cabrillo.  The remaining allegations in paragraph 45 are non-factual legal conclusions.  Those allegations are denied accordingly.

46.     Answering paragraph 46 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions.  Those allegations are denied accordingly.

47.     Answering paragraph 47 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions and prayers for relief.  Those allegations are denied accordingly.

48.     Answering paragraph 48 of the Amended Complaint, the allegations therein set forth non-factual legal conclusions and prayers for relief.  Those allegations are denied accordingly.

**ANSWER TO SECOND CAUSE OF ACTION: "SEXUAL ASSAULT"**

49.     Answering paragraph 49 of the Amended Complaint, the DISTRICT incorporates by

5

reference its answers to the incorporated paragraphs.

50.     Answering paragraphs 50 – 54 of the Amended Complaint, these paragraphs relate to a cause of action not alleged against the DISTRICT and thus the DISTRICT provides no response to paragraphs 50 – 54.

### ANSWER TO THIRD CAUSE OF ACTION: "SEXUAL BATTERY"

51.     Answering paragraph 55 of the Amended Complaint, the DISTRICT incorporates by reference its answers to the incorporated paragraphs.

52.     Answering paragraphs 56 – 61 of the Amended Complaint, these paragraphs relate to a cause of action not alleged against the DISTRICT and thus the DISTRICT provides no response to paragraphs 56 – 61.

### ANSWER TO ALLEGATIONS TITLED "PRAYER FOR RELIEF"

53.     Answering paragraphs 1 – 6, the allegations therein set forth non-factual legal conclusions and prayers for relief.  Those allegations are denied accordingly.  The DISTRICT lacks information and belief sufficient to answer the remainder of the allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against the DISTRICT.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of her public entity claim(s) filed with this public entity answering defendant.

### THIRD AFFIRMATIVE DEFENSE

The employees, officers and agents of the DISTRICT were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief Plaintiff may have is barred by law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily consented to and participated in the acts complained of, and/or she failed to mitigate her damages, and said failure proximately contributed to the events and damages alleged in the

6

Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation, including all claim filing requirements of the California Government Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff herself failed and neglected to use reasonable care to minimize the losses and damages complained of, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than this answering defendant, including Plaintiff herself.  In the event that any fault of these answering defendant is found to have contributed to any such damages, Plaintiff's recovery, if any, from this defendant is limited to that percentage of Plaintiff's damages equal to the percentage by which this responding defendant's fault contributed to said damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as this answering defendant, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof.

## NINTH AFFIRMATIVE DEFENSE

The DISTRICT is immune from liability pursuant to California Government Code Sections 815 and 815.2 in that its employees are immune from liability and/or the acts and omissions complained of would not give rise to a cause of action against it or said employees.

## TENTH AFFIRMATIVE DEFENSE

The DISTRICT is immune from liability pursuant to California Government Code Section 815.6 in that it exercised reasonable diligence at all times referred to in Plaintiff's Amended Complaint.

1

### ELEVENTH AFFIRMATIVE DEFENSE

2      The DISTRICT is immune from liability pursuant to California Government Code Section 820.2

3 in that the acts, omissions and conduct complained of by Plaintiff were the result of the exercise of

4 discretion vested in employees.

5

### TWELFTH AFFIRMATIVE DEFENSE

6      The DISTRICT is immune from liability pursuant to California Government Code Section 820.8

7 in that the acts and omissions of parties other than its employees caused the injuries alleged by Plaintiff.

8

### THIRTEENTH AFFIRMATIVE DEFENSE

9      The DISTRICT alleges that, in the event it is found to be liable, which is expressly denied herein,

10 it may elect to have damages, if any, in excess of the amount specified in California Government Code

11 Sections 984 *et seq*., and California Code of Civil Procedure Section 667.7 paid in whole or in part as

12 specified in California Code of Civil Procedure Section 667.7

13

### FOURTEENTH AFFIRMATIVE DEFENSE

14      The DISTRICT is immune from any award of punitive damages under California Government

15 Code Section 818.

16

### FIFTEENTH AFFIRMATIVE DEFENSE

17      Plaintiff voluntarily, and with full knowledge of all matters set forth in the Amended Complaint,

18 assumed the risk of any and all the injuries, losses and damages alleged, if any there were.

19

### SIXTEENTH AFFIRMATIVE DEFENSE

20      The DISTRICT alleges the provisions of the Public Liability Act of the California Government

21 Code as a measure of its legal duties, if any, in this action.

22

### SEVENTEENTH AFFIRMATIVE DEFENSE

23      The fault of parties other than this answering defendant contributed to and proximately caused the

24 occurrence described in the complaint filed herein.   Under the principles formulated in the case of

25 *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, the DISTRICT is entitled to

26 have the percentage of such contribution established by special verdict or other procedure, such that this

27 answering defendant's ultimate liability is reduced to the extent of such contribution.

28

CABRILLO COMMUNITY COLLEGE DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
USDC Case No.: 5:17-cv-02870-LHK

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2       The DISTRICT alleges it was not deliberately indifferent to Plaintiff's rights and acted

3   appropriately and reasonably to address her concerns.

4                           ## NINETEENTH AFFIRMATIVE DEFENSE

5       The DISTRICT alleges that all or a portion of Plaintiff's claims are barred due to Plaintiff's

6   failure to sue and/or join an indispensable party to this litigation.

7                            ## TWENTIETH AFFIRMATIVE DEFENSE

8       The DISTRICT denies that any acts or omissions on its part actually and/or proximately caused or

9   contributed in any manner to any injuries, losses or damages, if any, for which Plaintiff seeks recovery.

10                        ## TWENTY-FIRST AFFIRMATIVE DEFENSE

11      The DISTRICT is immune from liability pursuant to all remaining applicable provisions of the

12  California Tort Claims Act and other relevant statutes and/or regulations.

13                       ## TWENTY-SECOND AFFIRMATIVE DEFENSE

14      Plaintiff is barred from asserting any cause of action against this answering defendant by virtue of

15  her consent to and participation in the acts and/or conditions alleged in the Amended Complaint.

16                        ## TWENTY-THIRD AFFIRMATIVE DEFENSE

17      The DISTRICT alleges that the employees, officers, and agents of the DISTRICT were at all

18  times material hereto acting with both subjective and objective good faith, such that any claim for relief

19  that Plaintiff may have is barred by law.

20                       ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

21      The DISTRICT alleges that Plaintiff was negligent in and about the matters alleged in said

22  Amended Complaint and said negligence on their part proximately and concurrently contributed to her

23  respective injuries or damages, if any there were.

24                        ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25      The DISTRICT alleges that Plaintiff failed and neglected to use reasonable care to protect herself,

26  and to minimize the losses and damages complained of, if any there were.

27                        ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

28      The DISTRICT alleges that the events, injuries, losses and damages complained of in Plaintiff's

9

Amended Complaint, if any there were, were the result of intentional conduct by Plaintiff, insofar as the DISTRICT is concerned, and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of the DISTRICT.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The DISTRICT alleges that a third party intentionally and willfully caused the acts and injuries complained of prior to commencement of this lawsuit, which conduct extinguishes the right to maintain this instant action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The DISTRICT alleges that Plaintiff intentionally and willfully caused the acts and injuries complained of prior to commencement of this lawsuit which conduct extinguished the right to maintain this instant action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The DISTRICT alleges that the losses and damages complained of by Plaintiff were caused by the negligent acts or omissions of persons other than the DISTRICT and its employees, under the provision of California Civil Code 1714.1.

### THIRTIETH AFFIRMATIVE DEFENSE

The DISTRICT alleges that neither the DISTRICT nor its employees had actual notice of any alleged sexual harassment suffered by Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The DISTRICT alleges that neither the DISTRICT nor its employees were deliberately indifferent to any alleged sexual harassment suffered by Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The DISTRICT alleges that the alleged sexual harassment suffered by Plaintiff was not so severe, pervasive, or objectively offensive to have deprived Plaintiff of access to educational opportunities or benefits.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The DISTRICT alleges that, to the extent that the Amended Complaint is couched in conclusory terms, it cannot, at this time, fully anticipate all potentially applicable affirmative defenses, and

accordingly, the right to assert additional affirmative defenses is hereby reserved.

### **PRAYER**

WHEREFORE, defendant CABRILLO COMMUNITY COLLEGE DISTRICT prays as follows:

1.      That the Plaintiff take nothing by reason of her Amended Complaint, that judgment be rendered in favor of the defendant CABRILLO COMMUNITY COLLEGE DISTRICT;

2.      That the defendant CABRILLO COMMUNITY COLLEGE DISTRICT be awarded its attorneys' fees and costs of suit.

3.      For such other relief as the Court deems proper.


Dated:  November 3, 2017                              BERTRAND, FOX, ELLIOT, OSMAN & WENZEL



By:  _____*/s/ Nicole Phillips*_____
          Eugene B. Elliot
          Ethan M. Lowry
          Nicole L. Phillips
          Attorneys for Defendant
          CABRILLO COMMUNITY COLLEGE DISTRICT