John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
Christina M. Le (SBN 237697)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*christina@kristensenlaw.com*

*Attorneys for Plaintiff Gabrielle Gangitano*

Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Nicole L. Phillips, State Bar No. 306686
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       eelliot@bfesf.com

Attorneys for Defendant CABRILLO COMMUNITY COLLEGE DISTRICT

MARK E. DAVIS—BAR NO. 79936
mdavis@davisyounglaw.com
ADAM J. DAVIS –BAR NO. 275964
adavis@davisyounglaw.com
DAVIS & YOUNG, APLC
1960 The Alameda, Suite 210
San Jose, CA 95126
Phone: 408.244.2166
Fax: 408.985.1814

Attorneys for Defendant ALEX TAURKE

# THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| GABRIELLE GANGITANO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CABRILLO COLLEGE, a local educational agency; and ALEX B. TAURKE, an individual, <br><br> Defendants. | Case No. 5:17-cv-02870-LHK <br><br> **JOINT CASE MANAGEMENT STATEMENT & NOTICE OF TENTATIVE SETTLEMENT** <br><br> <u>Case Management Conference</u> <br> Date: December 13, 2017 <br> Time: 2:00 p.m. <br> Dept.: Courtroom 8 – 4th Floor <br><br> Assigned to the Hon. Lucy H. Koh <br><br> Complaint filed on May 18, 2017 |

**JOINT CASE MANAGEMENT STATEMENT & NOTICE OF TENTATIVE SETTLEMENT**
**CASE NO. 17-CV-2870-LHK**

**TO THE COURT, ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

Pursuant to Fed.R.Civ.Proc.26(f), Civil L.R. 16-9 and 16-10, and the Court's Orders of May 22, 2017 and October 24, 2017, the parties, Plaintiff GABRIELLE GANGITANO ("Plaintiff") and Defendants CABRILLO COMMUNITY COLLEGE DISTRICT ("Cabrillo College") and ALEX B. TAURKE ("Taurke"), through their counsel of record, met and conferred and prepared the following Joint Case Management Statement.

Furthermore, and most importantly, the parties went to mediation on Friday, December 8, 2017, with John Bates, Esq. at JAMS in San Francisco. The parties are pleased to inform the Court that they have reached a tentative settlement. As to Cabrillo College, a public entity, the tentative settlement requires approval by both the Board of the College and SWACC (Statewide Association of Community Colleges). The next meeting of SWACC is set on February 5, 2018.

The current Case Management Order (Dkt. 29) closes fact discovery on February 9, 2018, and has opening expert reports two weeks later on February 23, 2018. The parties, naturally, would like to avoid the significant additional costs incurred during the last two months of fact discovery and preparing expert reports.

Accordingly, the parties respectfully request that the matter be stayed pending the approval of the settlement.

Should the matter not be stayed, the parties address the pending issues below.

**1.    JURISDICTION AND SERVICE**

This action is brought under Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) and 42 U.S.C. § 1983 against Defendant Cabrillo College.  Plaintiff also presents state law claims for sexual assault and battery

against Defendant Taurke. Subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question) and § 1343(3) (civil rights). Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in the County of Santa Cruz, California, which is located in the Northern District of California. Plaintiff is also, and at all relevant times was, a citizen and resident of Santa Cruz County, located in the Northern District of California. Since the acts or omissions which give rise to Plaintiff's claims occurred in the County of Santa Cruz, pursuant to Civil L.R. 3.2(c), this action is appropriately assigned to the San Jose division of the Northern District Court.

No issues exist among the parties regarding personal jurisdiction or venue. Defendants Cabrillo College and Taurke have filed Answers. The matter is at issue.

## 2. FACTS (Alleged by Plaintiff)

Plaintiff alleges in her complaint that she was sexually harassed and assaulted by defendant Taurke who was her professor at Cabrillo College. In May 2016, Plaintiff sought an avenue to make her complaint to Cabrillo College. Plaintiff's initial attempts to notify Cabrillo College were stymied by Defendant's inept bureaucratic labyrinth that ended with the male athletic director. Frustrated, in May 2016 Plaintiff contacted the U.S. Department of Education's Office of Civil Rights (hereinafter "OCR"), which proceeded to notify Cabrillo College of Plaintiff's serious allegations against her professor.

Plaintiff further alleges that for seven months, until December 21, 2016, Cabrillo College did nothing until it reached a resolution agreement with OCR, and still has not done anything about Plaintiff's specific complaints about Taurke. Cabrillo College's resolution agreement only promised to improve its

Title IX compliance going forward. Plaintiff alleges that Cabrillo College was deliberately indifferent towards Plaintiff during this entire period. Plaintiff alleges that Defendant never conducted an investigation itself into Plaintiff's specific allegations concerning Taurke after being notified of her claims.

Defendants Taurke and Cabrillo College dispute all claims alleged against them.

**3.     LEGAL ISSUES**

In Plaintiff's Opposition to Cabrillo College's Motion to Dismiss filed on July 27, 2017, Plaintiff recently agreed to dismiss her second cause of action 42 U.S.C. § 1983. (See Dkt. 21.)

Thus, as to the remaining causes of action in Plaintiff's complaint, the legal issues involve whether Taurke sexually harassed and assaulted Plaintiff. In addition, under Plaintiff's Title IX cause of action, the legal issues involve whether: (1) the institution (Cabrillo College) had "substantial control" over both the harasser and the context in which the harassment occurred; (2) plaintiff suffered harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the victim of access to the education opportunity or benefits provided by the school;" (3) the institution had "actual knowledge of the harassment;" and (4) the institution acted with "deliberate indifference" to the known harassment"; and (5) this deliberate indifference "cause[d] students [Plaintiff, in particular] to undergo harassment or ma[d]e them liable or vulnerable to it." *Takla v. Regents of the University of California*, 2015 WL 6755190 (C.D. Cal. Nov. 2, 2015) ("Takla") (citing *Gebster v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-93 (1998).

The legal issues also involve whether Plaintiff was damaged, the nature and extent of those damages, and Plaintiff's recovery for those damages if she is entitled to them.

///

**4. MOTIONS**

On June 29, 2017, Cabrillo College filed its Motion to Dismiss Plaintiff's causes of action under Title IX and 42 U.S.C. § 1983. (see Dkt. 16.) Cabrillo's Motion was granted, with leave to amend. (see Dkt. 31.) Plaintiff amended her Complaint. (see Dkt. 34.) Cabrillo College filed an Answer. (see Dkt. No. 37.)

Cabrillo College anticipates that it will file a Motion for Summary Judgment as well in the future, if it is not successful on its current or any subsequent Motions to Dismiss.

**5. AMENDMENT OF PLEADINGS**

The parties do not anticipate at this time that any other parties, claims or defenses will be added or dismissed.

**6. EVIDENCE PRESERVATION**

All of the parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed.R.Civ.Proc.26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

All of the parties confirm that they have complied with the exchange of initial disclosures pursuant to Fed.R.Civ.Proc.26, by exchanging their disclosures on or before Wednesday, August 16, 2017 with all parties (7 days prior to the Case Management Conference scheduled on August 23, 2017).

**8. DISCOVERY**

    **a. Discovery Conducted to Date**

The parties diligently conducted significant discovery, including all named parties and other witnesses. Should the case proceed, Plaintiff anticipates conducting another three to four depositions, including the U.S.

Department of Education, pursuant to a Touhy request.

### b. Scope of Anticipated Discovery

Discovery will be conducted into the liability and damage issues through written discovery (interrogatories, request for admissions, demand for productions, and inspection demands), depositions, subpoenas for records, and any other relevant discovery provided in the Fed.R.Civ.Proc. and Civil L.R.

### c. Proposed Limitations or Modifications to the Discovery Rules

None proposed at this time. The parties agree that discovery will be conducted pursuant to the guidelines provided by the Fed.R.Civ.Proc. and Civil L.R.

### d. Stipulated E-Discovery Order

The parties anticipate that that a stipulated protective order will be implemented in this case before the production of any sensitive/confidential and or privileged documents are produced in this case. The parties will meet and confer regarding the terms of the stipulated protective order, which the parties hope to submit to the Court for approval prior the Case Management Conference scheduled on August 23, 2017. If the parties are unable to come to a complete agreement on the terms of the stipulated protective order by the Case Management Conference, the parties request the Court's assistance with addressing the disputed terms at the Conference.

### e. Proposed Discovery Plan

The parties were on track with completing discovery by the current February 2018 deadlines. However, due to the pending settlement, the parties are requesting a stay on discovery and continuance should the tentative settlement not be approved by February 5, 2018.

## 9. CLASS ACTIONS

Not applicable. This matter is not a class action.

///

## 10. RELATED CASES

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## 11. RELIEF

Under Plaintiff's Title IX cause of action against Defendant Cabrillo College, Plaintiff alleges she has suffered damages for which she is entitled to compensatory damages and injunctive relief, and because she has been compelled to employ attorneys, is entitled to attorneys' fees pursuant to 42 U.S.C. §1988(b), according to proof.

Under Plaintiff's sexual assault and sexual battery claim against Defendant Taurke, Plaintiff alleges that she has suffered damages for which she is entitled to compensatory and punitive and exemplary damages according to proof, as Plaintiff alleges that Professor Taurke carried out the aforementioned acts knowing that great bodily injury and emotional distress were substantially certain to be caused to Plaintiff; yet he continued to engage in said despicable acts maliciously and with a conscious disregard of the rights and safety of Plaintiff.

## 12. SETTLEMENT AND ADR

The parties attended mediation on Friday, December 8, 2017, with John Bates, Esq. at JAMS in San Francisco. The parties are pleased to inform the Court that they have reached a tentative settlement.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judge.

## 14. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

If the tentative settlement does not receive public entity approval, Cabrillo College would proceed to file a Motion for Summary Judgment.

## 16. EXPEDITED TRIAL PROCEDURE

The parties confirm that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17. SCHEDULING

The parties have met and conferred and request that the current deadlines be continued approximately two months and this matter stayed while awaiting approval of the tentative settlement by both the Board of Cabrillo College and SWACC by February 5, 2018.

## 18. TRIAL

The parties preliminarily estimate a 4-6 day jury trial in this case.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All of the parties who are required to file a "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-15 have filed the certification, with a restatement of the contents of the certification provided below:

### a. Plaintiff

Pursuant to Civil L.R. 3-15, Plaintiff certified, that other than the named parties, there is no such interest to report.

### b. Cabrillo College

Pursuant to Civil L.R. 3-15, Cabrillo College is a governmental entity and therefore, exempt from this certification requirement.

### c. Taurke

Pursuant to Civil L.R. 3-15, Taurke certified that, other than the named parties, there is no such interest to report.

**20. PROFESSIONAL CONDUCT**

All of the attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California, and agree to abide by its guidelines.

**21. OTHER ISSUES**

The parties do not anticipate any other issues at this time.

Dated:  December 11, 2017	**KRISTENSEN WEISBERG, LLP**

  */s/ John P. Kristensen*
  John P. Kristensen
  David L. Weisberg
  Christina M. Le
  Attorneys for Plaintiff

Dated:  December 11, 2017	**BERTRAND, FOX, ELLIOT, OSMAN & WENZEL**

By:  */s/ Eugene B. Elliot*
  Eugene B. Elliot
  Ethan M. Lowry
  Nicole L. Phillips
  Attorneys for Defendant
  CABRILLO COMMUNITY
  COLLEGE DISTRICT

Dated:  December 11, 2017	**DAVIS & YOUNG, LLP**

By:  */s/ Adam J. Davis*
  Adam J. Davis
  Mark E. Davis
  Attorneys for Defendant
  ALEX B. TAURKE

# ATTORNEY ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature ("/s/") within this E-filed document or have been authorized by counsel for Defendants Cabrillo Community College District and Alex Taurke to show their signature on this document as /s/.

Dated:  December 11, 2017          **KRISTENSEN WEISBERG, LLP**


                                   */s/ John P. Kristensen*
                                   John P. Kristensen
                                   David L. Weisberg
                                   Christina M. Le
                                   Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Kristensen Weisberg, LLP, 12540 Beatrice Street, Suite 200, Los Angeles, California 90066. The foregoing document was served via ECF on all parties and their attorneys of record in case number 5:17-cv-02870-LHK entitled GABRIELLE GANGITANO v. CABRILLO COLLEGE, et al.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on Monday, December 11, 2017.

*/s/ Luz Arely Portillo*
Luz Arely Portillo

**CERTIFICATE OF SERVICE**